COMSTOCK (SHERMAN v.). See Case No. 12,764.

## Case No. 3,084.

### COMSTOCK v. WHEELER.

[The case reported under above title in 2 N. B. R. 561 (Quarto, 171), and 2 Am. Law T. Rep. Bankr. 87, is the same as Case No. 3,071.]

## Case No. 3,085.

### In re CONANT.

District Court, S. D. New York. July 7, 1862.

SETTING ASIDE SALE BY ASSIGNEE IN BANKRUPTCY.

In 1858, the official assignee in bankruptcy of Conant conveyed certain land in Illinois to one Brown, who conveyed it to one Jones. One Taggard had bought the same land in 1843, and obtained a deed of it, and had gone into possession of it, and held it until he died, in 1851. His heirs, having sued Jones in trespass, in Illinois, to establish their title to said land, petitioned the district court, in 1861, for relief against the deed of the assignee. The assignee and Brown and Jones were cited to answer. The court found that it had been induced to order the sale by the assignee under the impression on the part of the court that the land was without value, and that the sale was to be made only to relieve the land in the hands of Taggard from any cloud or technical infirmity of title; that the court had given the title gratuitously to a party who might use it in fraud of the estate of the bankrupt or of an honest purchaser of it; and that the order of sale ought not to stand, but should be rescinded, as having been obtained by a party cognizant of all the facts impeaching its equity and justice.

The above state of facts was recited in an order which the court made July 7, 1862, vacating and declaring void the order of sale made in 1858, and declaring null and void the deed from the assignee to Brown, and ordering the assignee and Brown and Jones to deliver the deed to the clerk of the court to be cancelled.

[Cited in Re King, 3 Fed. 842; Re Hyde, 6 Fed. 592.]

[NOTE. Nowhere reported; opinion not now accessible. The above statement of the case and the decision were taken from 6 Fed. 592.

[Prior to the decree herein, on a question adjourned from the district court, as to whether the limitation of two years in the eighth section of the bankrupt act applied to the case at bar, the circuit court held that it did not. Case No. 3,086, next following.]

## Case No. 3,086.

### In re CONANT.

[5 Blatchf. 54.][1]

Circuit Court, S. D. New York. May 19, 1862.

LIMITATION OF SUITS AGAINST ASSIGNEE IN BANKRUPTCY.

1. The two years' limitation in regard to the bringing of suits by or against an assignee of a bankrupt, prescribed in the 8th section of the bankruptcy act of August 19, 1841 (5 Stat. 446), applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt, which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt and before the assignment.

[Cited in Smith v. Crawford, Case No. 13,030; Walker v. Towner, Id. 17,089.]

2. Such limitation has no reference to suits growing out of the dealings of the assignee with the estate after it comes into his hands.

[Cited in Phelan v. O'Brien, 13 Fed. 657.]

This was a question adjourned into this court by the district judge, for hearing and determination, under the 6th section of the bankruptcy act of August 19, 1841 (5 Stat. 445). A petition was filed in the district court, by M. T. Taggart and others, for the purpose of vacating an order made on behalf of the general assignee of Frederick J. Conant, a bankrupt, for the sale of a certain lot of land in the state of Illinois, as belonging to the estate of the bankrupt, on the ground that it was made through inadvertence and misapprehension of a true statement of the facts, without notice to the petitioners or to the person whom they represent, and to his or their prejudice. The purchaser of the lot under the sale by the assignee appeared and opposed the petition. The petitioners claimed title to the lot under a prior sale, by an order of the chancellor of the state of New York, upon a creditor's bill.

[For a statement of the facts in the case in the district court, see Case No. 3,085, next preceding.]

NELSON, Circuit Justice. It is not important to state the facts relied on in the petition, to maintain it upon the merits, as the only question which has been adjourned to this court by the district court for decision is, whether or not the short bar of two years' limitation to suits, prescribed in the 8th section of the bankruptcy act, applies to the case. That section provides, that the circuit court shall have concurrent jurisdiction with the district court of all suits at law and in equity, which may and shall be brought by any assignee of the bankrupt, against any person or persons claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property, of said bankrupt, transferable to, or vested in, such assignee; and no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued.

It is obvious, from a careful perusal of this section, that the limitation applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt which come to the hands of the assignee, and to which adverse claims existed

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]